IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMPASSIONATE CARE HOSPICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KATHLEEN SEBELIUS, Secretary of ) <br> United States Department of Health, ) <br> and Human Services,[1] ) <br> ) <br> Defendant. ) | Case Number CIV-09-28-C |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a provider of hospice care, an entity that provides care to terminally ill Medicare patients. Plaintiff is paid by Medicare for providing the service based on the number of individuals for which care is provided. Medicare has implemented a regulation, 42 C.F.R. § 418.309(b)(1), that provides a method for calculating the cap for payments in any fiscal year. In April of 2008, Medicare made a demand on Plaintiff for return of overpayments for the 2006 fiscal year based on application of the § 418.309 cap.

Plaintiff filed the present action seeking a declaration that Medicare's regulation regarding the calculation of the hospice cap, specifically 42 C.F.R. § 418.309(b)(1), is invalid; a declaration that Medicare's prior calculation of Compassionate Care's cap liability for fiscal year 2006 is invalid; and an Order requiring Medicare to return to Compassionate Care, with interest, all monies Compassionate Care has overpaid towards repayment of the Medicare demand for fiscal year 2006. Plaintiff also seeks a preliminary injunction preventing Medicare

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ms. Sebelius is substituted as the proper party following Mr. Leavitt's resignation. The Court Clerk should make this correction in the Court file for this case.

from continuing to demand repayment of the alleged 2006 overpayment, an Order vacating the regulation as to Compassionate Care and similarly situated providers nationwide, as well as the attorneys' fees and costs associated with this action.

Defendant seeks dismissal of Plaintiff's case, arguing the Court lacks subject matter jurisdiction. According to Defendant, Plaintiff has failed to exhaust the administrative process available for challenging the Medicare determination of overpayment. Defendant asserts that Plaintiff must first present its claims to the Provider Reimbursement Review Board ("PRBB"). Defendant admits that Plaintiff has presented its claims to the PRBB and that the PRBB refused to consider them, stating it could not invalidate a regulation as Plaintiff requests. Defendant argues that despite the PRBB's determination that expedited judicial review was appropriate in this case, exhaustion has not occurred. According to Defendant, because there is no final agency decision, proceeding in this Court is improper. Defendant asserts the lack of exhaustion prevents Plaintiff from having standing to challenge the regulation.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (internal citations omitted).

In this case, Defendant makes a facial challenge that the Court lacks subject matter jurisdiction, i.e., even if everything Plaintiff asserts is true is accepted, the Court still lacks the power to resolve the dispute. The focus of this argument is Defendant's challenge to Plaintiff's standing due to an alleged failure to exhaust. Not before the Court at this time is the validity of the regulation, or what, if any money, Plaintiff owes or doesn't owe. Rather, the sole issue, at this stage, is Plaintiff's ability to challenge the regulation.

The first step in resolving Defendant's challenge is to determine if Plaintiff has Article III standing. Article III standing measures whether the issue is a "case or controversy" as required by Article III § 2 of the Constitution. Raines v. Byrd, 521 U.S. 811, 818 (1997).

"[T]o have standing, a plaintiff must demonstrate: (i) an injury in fact that is both concrete and particularized as well as actual or imminent; (ii) an injury that is traceable to the conduct complained of; and (iii) an injury that is redressable by a decision of the court." Wyoming ex rel. Crank v. United States, 539 F.3d 1236, 1241 (10th Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Defendant argues there is no "injury in fact" because Plaintiff has not exhausted its options before the PRBB. The Court disagrees, finding Plaintiff has pleaded facts which if proven would satisfy all three elements. First, Plaintiff has pled that it suffered an injury that is concrete and imminent – the demand that it repay in excess of $700,000.00.[2] Second, that injury

---

[2] Defendant argues that Plaintiff has not yet shown the demand for repayment was due to application of the regulation and therefore has not shown an "injury in fact." Defendant's argument overlooks the requirements of Plaintiff at this stage. Because Defendant has filed a Motion to Dismiss challenging the facial validity of Plaintiff's Complaint, the Court must accept the factual allegations of the Complaint as true. Holt, 46 F.3d at 1002-03. In paragraphs 34-38 Plaintiff's Complaint alleges the injury occurred due to application of the challenged regulation. Thus, an "injury in fact" is shown.

is directly traceable to Medicare's application of § 418.309(b)(1). The third question poses some difficulty as the Court agrees that it cannot order repayment of the sum to Plaintiff nor can it determine the amount, if any, owed absent the regulation. However, whether an injury is "redressable" by a decision of the Court is not that narrow. Rather, the third prong examines whether the "injury" will be resolved by a favorable decision from the Court. Here, the injury is application of the allegedly invalid regulation. Were the Court to hold the regulation invalid, there would be no application and hence no "injury." See Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1256 (10th Cir. 2004) (noting the necessity of properly identifying the injury when considering redressability).

To the extent Defendant relies on a failure to exhaust as grounds for dismissal, the argument must fail as there is no requirement or ability to exhaust a challenge to the regulation. As noted in the parties' briefs, the PRBB found Plaintiff was entitled to expedited judicial review for this very reason. Further, the statute which creates the PRBB states that judicial review is the proper avenue for challenging a regulation or other question of law. See 42 U.S.C.A. § 1395oo(f)(1):

> Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received.

see also Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399, 406 (1988) ("Neither the fiscal intermediary nor the [PRBB] has the authority to declare regulations invalid."). Thus, there can be no exhaustion requirement for the challenge to the validity of the regulation and whether it

comports with Congressional intent. Even though Plaintiff survives this challenge, it still must overcome obstacles before a determination about the validity of the regulation can be made. Plaintiff must demonstrate that it was application of the regulation that led to the allegedly incorrect repayment demand. If, as in the case before Judge Frizzell, other issues also impacted the repayment decision, this matter will be remanded to the PRBB for consideration of those issues. However, at this time, because Plaintiff has pled the facts necessary to demonstrate Article III standing, the Court has subject matter jurisdiction and Defendant's motion will be denied.

## **CONCLUSION**

Plaintiff has pled the facts necessary to demonstrate it has Article III standing. Therefore, Defendant's Motion to Dismiss (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 10th day of July, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge